THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL D. GUDGEL, Defendant-Appellant.

Fourth District   No. 4—88—0675

Opinion filed May 11, 1989.—Modified on denial of rehearing June 30, 1989.

J. Steven Beckett, of Beckett & Crewell, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a jury trial, defendant was convicted of criminal trespass to land, in violation of section 21—3(a) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 21—3(a)). The circuit court of Champaign County ordered defendant to serve 30 days in the Champaign County Correctional Center. Defendant appeals his conviction. We affirm. The pertinent facts follow.

Defendant was initially charged with aggravated battery and battery, in addition to criminal trespass to land. The charges were based on an incident which occurred at Elmer's Bar in Urbana. Defendant had gone to Elmer's Bar on the evening of February 29, 1988, and was seated at a table with some friends. Defendant and one of the men seated with him, Bill Aiken, decided to leave and go to another bar. As they walked toward the door, Aiken bumped into Harvey Treat. Treat turned and punched Aiken. A shouting match ensued between Aiken and defendant on one side, and Treat and Frank Sowers on the other.

The bartender, David Lariviere, testified that he gave the four men a general notice that they should leave the bar by saying: "I think it's about time everybody went home." The four men did not leave, and their shouting match appeared to get more heated. The police were called and, upon their arrival, Lariviere asked them to make sure the four men left and did not return. Aiken and Treat left almost immediately, but Sowers and defendant were reluctant to leave. Although defendant and Sowers had initially been on opposite sides, they were apparently friends of many years. Both men had been drinking, and they appeared to focus their remaining feelings at the police officers.

Officer Lynn Callaghan testified that she responded to the call from Elmer's Bar. When she arrived, she spoke with Lariviere. Lariviere told her to make sure defendant and Sowers left and did not return. Callaghan testified that she told the two men several times that the bartender had asked them to leave and that the two men should leave. After several minutes of discussion, the two men moved outside.

Defendant and Sowers moved no further than the parking lot.

Callaghan testified that the officers, at least three by now, told the two men that they would have to leave the premises entirely, and that included the parking lot. Again, the reason was stated that the men had been asked to leave by the owners of the bar. Officer Allen Johnston testified at the trial and corroborated Callaghan's testimony. Johnston added that he warned defendant several times that if defendant remained, he would be arrested for trespassing.

During this discussion outside in the parking lot, defendant and Sowers made an offer to leave by driving away in defendant's car. The officer told the men they would have to find other means because they were too intoxicated to drive. At one point, defendant asked the officers to call a cab for them. The officers, in turn, asked the men to produce cab fare first. The men produced but $2, and the discussions continued.

Both officers testified that defendant and Sowers spoke privately for a few moments. Defendant then faced the officers and announced that he was going back to the bar to have a beer. Johnston intercepted defendant, and the two men ended up grappling with one another. The aggravated battery and battery charges stemmed from these latter moments. Defendant testified at his trial and denied that he was ever told by Lariviere or the police officers to leave the bar and remain away from the premises.

■ The sole issue raised by defendant on appeal is whether he received notice from an owner or occupant to leave the premises. Section 21—3(a) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 21—3(a)) states, in pertinent part:

> "Whoever *** remains upon the land or in a building, other than a residence, of another after receiving notice from the owner or occupant to depart, commits a Class C misdemeanor."

Notice is defined in subsection (b):

> "A person has received notice from the owner or occupant within the meaning of Subsection (a) if he has been notified personally, either orally or in writing ***." (Ill. Rev. Stat. 1987, ch. 38, par. 21—3(b).)

The State alleged in the indictment that defendant had received notice from Lariviere, the bartender at Elmer's Bar, to depart from the "land." Defendant argues the statements Lariviere made to the four men in the bar were too general to serve as personal notice to defendant within the meaning of subsection (b) of section 21.3. We agree.

■ Defendant further argues that the statements to defendant

by the police officers cannot serve as notice under the statute. Defendant contends the statements are insufficient because the indictment did not include the fact that police officers had been used to convey the notice to depart. Here we disagree with defendant. While disputed by defendant, the State presented evidence that Lariviere told the police officers defendant and Sowers were unwanted and should be told to leave. Two officers testified that they repeatedly told defendant and Sowers to leave because the bartender had requested the departure of the two men. We find this is sufficient to serve as notice under the statute. (See *People v. Thompson* (1978), 56 Ill. App. 3d 557, 563, 372 N.E.2d 117, 121.) In situations such as occurred in the instant case, it would be prudent to summon police and have them remove belligerent patrons rather than attempting to remove them personally. This would be especially wise in situations involving drinking establishments, where alcohol can fuel already aroused emotions.

■■ ■ We further find the statements by the officers fulfilled the notice requirement in spite of the failure to specifically mention the officers' intervention in the indictment. The better practice is to specifically describe the allegations of wrongdoing in the charging instrument. Here, however, defendant was not surprised or prejudiced by the failure. Defendant was not surprised by the officers' testimony. The testimony was expected as defendant had to defend against the other charges of aggravated battery and battery stemming from his wrestling bout with Officer Johnston. Also, defendant was not prejudiced. His defense was that he was never told to leave during the entire incident by either the bartender or the police officers. In order to vitiate a trial, a variance between the allegations in a criminal complaint and the proof at trial must be material and be of such character as may mislead the accused in making his defense, or expose him to double jeopardy. *People v. Davis* (1980), 82 Ill. 2d 534, 539, 413 N.E.2d 413, 416.

■ Finally, defendant argues he showed an intention to leave when, during the discussions in the parking lot, he stated he and Sowers were going to drive away. We find defendant's argument without merit in view of the officers' testimony concerning the following: defendant had been repeatedly told for some 15 to 20 minutes that he and Sowers would have to leave the premises, including the parking lot; defendant never left the premises; and he was arrested after he asserted his intention to return to the bar for another drink, but was only prevented from doing so by the intervention of Officer Johnston. In light of this testimony, the jury could reasonably

conclude defendant intended to and did remain on the premises following notice from the officers to depart.

For the reasons stated above, the order of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.