THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CURTIS DAVIS, Defendant-Appellant.

First District (5th Division)  No. 78-1978

Opinion filed December 28, 1979.

James J. Doherty, Public Defender, of Chicago (Geraldine V. Biggs and James L. Rhodes, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisenstein, and Mark S. Momessar, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Following a jury trial, defendant was convicted of disorderly

conduct. (Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)(1).) He was fined $500, and placed on one year's probation conditioned upon his serving 30 days in the House of Corrections. On appeal, defendant contends that: (1) he was not proved guilty beyond a reasonable doubt; (2) his cross-examination regarding his prior felony conviction resulted in substantial prejudice; (3) the prosecutor's opening and closing arguments deprived him of a fair trial; and (4) the trial court erred in instructing the jury. We reverse the judgment of the trial court. The essential facts follow.

The complainant, Mrs. Pearl Robinson, testified that on January 3, 1978, at approximately 2 p.m., she was at home sleeping because she was ill; her granddaughter was with her. At the time, she was 81 years old and had lived across the street from the defendant for several years. She stated that the defendant, who was uninvited, entered her home carrying a complaint involving his brother, Donald. She had signed the complaint in 1977 and Donald was subsequently arrested. Defendant stated that his brother was not going to court, nor was he going to jail. Defendant pointed his hand in her face from a distance of about 18 inches and stated, "If you do, Miss Pearl, you know me" and left.

Chicago Police Officer Daniel Alesi testified that on January 10, 1978, he had a conversation with the complainant and arrested defendant several days later pursuant to a warrant obtained by the complainant. Between 8 and 9 that evening, after Alesi advised defendant of his *Miranda* rights, defendant stated that he was at the complainant's house on the day in question. Upon arriving there, he knocked on the door and after hearing no response, he walked in and saw her on the couch. He then sat down and informed her that his brother was going to trial on a charge she had instituted, and he asked her not to testify against his brother.

Defendant testified that the complainant's granddaughter admitted him into the house and conducted him into the living room where he spoke with the complainant for several minutes in an attempt to settle the dispute peaceably. He denied ever having threatened her. During cross-examination he was asked if his residency in the complainant's neighborhood since 1969 has been "uninterrupted" and responded that he had been "in and out" of the penitentiary and the county jail. He was then asked if he had ever been convicted of a felony with no objection by defense counsel. He replied that he had been convicted of either aggravated assault or battery, but was not certain. A certified copy of defendant's 1975 conviction for aggravated battery was then admitted into evidence over defense counsel's objection.

During the instructions conference, Illinois Pattern Instructions, Criminal, No. 3.06 (1968), concerning the weight to be given an admission, was admitted over the objection of defense counsel. Thereafter, the jury found defendant guilty of disorderly conduct and he

was fined $500 and sentenced to 30 days in the House of Corrections and a one year probation. Defendant appeals that conviction.

OPINION

Defendant initially contends that he was not proved guilty of disorderly conduct beyond a reasonable doubt. He argues that the evidence at trial was insufficient to sustain the offense as defined by the statute. We agree.

A person commits disorderly conduct when he does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace. (Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)(1).) As noted in the Committee Comments to section 26—1, the emphasis of the statute is upon the unreasonableness of the accused's conduct and its tendency to disturb others. (Ill. Ann. Stat., ch. 38, par. 26—1(a)(1), Committee Comments, at 149 (Smith-Hurd 1977).) What is reasonable, therefore, depends upon the facts and circumstances of the particular case.

In support of defendant's conviction, the State relies heavily upon *People v. Raby* (1968), 40 Ill. 2d 392, 240 N.E.2d 595, *cert. denied* (1969), 393 U.S. 1083, 21 L. Ed. 2d 776, 89 S. Ct. 867, and *United States v. Woodard* (7th Cir. 1967), 376 F.2d 136, where convictions for disorderly conduct were upheld. In *Raby*, defendant's conviction was based upon his participation in a sit-down demonstration in a busy intersection during peak traffic. Likewise, in *Woodard* the defendant was convicted after an attempt to reenter a public hearing room in violation of instructions given by United States marshals for clearing the room. It should be noted that in both cases defendants were involved in public acts followed by confusion and disorder. In light of the facts presented in those cases, it is clear that the conduct involved was of the type contemplated by the statute. We cannot agree, however, that the reasoning in *Ruby* or *Woodard* is applicable to the facts presented here.

The evidence shows that defendant came to the complainant's home carrying a complaint involving his brother. There was also testimony introduced that indicated that he entered the house uninvited. The complainant testified that while in her home, defendant stated that his brother was not going to court, nor was he going to jail. Defendant then pointed towards her and stated, "If you do, Miss Pearl, you know me" and left. While we do not condone defendant's conduct, we cannot say that based on this evidence it was so unreasonable as to constitute disorderly conduct. Although it could be argued that such action might have constituted assault or some other criminal offense, in the absence of evidence that it provoked a breach of the peace it did not constitute a violation of the disorderly conduct statute.

In *People v. Justus* (1978), 57 Ill. App. 3d 164, 372 N.E.2d 1115, this court reversed a conviction for disorderly conduct on the grounds that the evidence was insufficient to show that the defendant's actions caused public disorder. There, the defendant was convicted of violating the disorderly conduct ordinance of the city of Chicago, which is based upon the State statute. In reaching its decision, the court construed the ordinance as prohibiting only that conduct tending to cause public disorder. (See also *People v. Gentry* (1977), 48 Ill. App. 3d 900, 363 N.E.2d 146; *City of Chicago v. Blakemore* (1973), 15 Ill. App. 3d 994, 305 N.E.2d 687.) We believe the reasoning in *Justus* to be sound and therefore adopt it. Applying that reasoning to the facts, we find that the actions of defendant does not amount to conduct tending to cause public disorder. Accordingly, the conviction for disorderly conduct cannot stand.

In light of our disposition, we need not consider the other contentions advanced by the parties.

Reversed.

SULLIVAN, P. J., and LORENZ, J., concur.