THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CURTIS DAVIS, Defendant-Appellant.

First District (5th Division)    No. 78-1978

Opinion filed February 19, 1982.

James J. Doherty, Public Defender, of Chicago (Geraldine V. Biggs and James L. Rhodes, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein and Mark S. Komessar, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WILSON delivered the opinion of the court:

In a previous opinion relating to this appeal (79 Ill. App. 3d 784, 398 N.E.2d 1129), we reversed the judgment of the trial court holding that defendant's acts did not constitute the offense of disorderly conduct, as a matter of law. On appeal from our decision, the Illinois Supreme Court, in its opinion (82 Ill. 2d 534, 538, 413 N.E.2d 413), held:

"We think the defendant's conduct falls squarely within the type of conduct intended to be proscribed by section 26—1(a)(1). Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)(1).

A collateral contention raised by the defendant is that, in order to provoke a breach of the peace, an act must be performed in public view. We find this contention devoid of merit. A breach of the peace may as easily occur between two persons fighting in a deserted alleyway as it can on a crowded public street."

Consequently, our supreme court reversed and remanded this matter for consideration of the other issues raised on appeal that: (1) defendant's cross-examination regarding his prior felony conviction resulted in substantial prejudice; (2) the prosecutor's opening and closing arguments deprived defendant of a fair trial; and (3) the trial court erred in instructing the jury. Accordingly, we have restudied the remaining issues and affirm the trial court. The essential facts follow.

The complainant, Mrs. Pearl Robinson, testified that on January 3, 1978, at approximately 2 p.m., she was at home sleeping because she was ill; her granddaughter was with her. At the time, she was 81 years old and

had lived across the street from the defendant for several years. She stated that the defendant, who was uninvited, entered her home carrying a complaint involving his brother, Donald. She had signed the complaint in 1977, and Donald was subsequently arrested. Defendant stated that his brother was not going to court, nor was he going to jail. Defendant pointed his hand in her face from a distance of about 18 inches and stated, "If you do, Miss Pearl, you know me" and left.

Chicago Police Officer Daniel Alesi testified that on January 10, 1978, he had a conversation with the complainant and arrested defendant several days later pursuant to a warrant obtained by the complainant. Between 8 and 9 p.m. that evening, after Alesi advised defendant of his *Miranda* rights, defendant stated that he was at the complainant's house on the day in question. Upon arriving there, he knocked on the door and after hearing no response, he walked in and saw her on the couch. He then sat down and informed her that his brother was going to trial on a charge she had instituted, and he asked her not to testify against his brother.

Defendant testified that the complainant's granddaughter admitted him into the house and conducted him into the living room where he spoke with the complainant for several minutes in an attempt to settle the dispute peaceably. He denied ever having threatened her. During cross-examination he was asked if his residency in the complainant's neighborhood since 1969 had been "uninterrupted" and responded that he had been "in and out" of the penitentiary and the county jail. He was then asked if he had ever been convicted of a felony with no objection by defense counsel. He replied that he had been convicted of either aggravated assault or battery, but was not certain. A certified copy of defendant's 1975 conviction for aggravated battery was then admitted into evidence over defense counsel's objection.

During the instructions conference, Illinois Pattern Instructions, Criminal, No. 3.06 (1968) (hereinafter IPI), concerning the weight to be given an admission, was admitted over the objection of defense counsel. Thereafter, the jury found defendant guilty of disorderly conduct and he was fined $500 and sentenced to 30 days in the House of Correction and a one-year probation.

OPINION

Defendant contends that the cross-examination eliciting information about his prior conviction resulted in substantial prejudice because the evidence did not conclusively show him to be guilty. He asserts that unless the evidence clearly showed him to be guilty, so that a court could say he was not substantially prejudiced, such improper questioning necessitates reversal.

■■ Our supreme court has determined that defendant's conduct falls

squarely within the statute's proscription. (82 Ill. 2d 534, 538.) Moreover, no objections were made by defendant to this cross-examination, nor was it properly preserved in defendant's motion for a new trial. It is fundamental to our adversarial system that counsel object at trial to alleged errors, and failure to object to the admission of evidence operates as a waiver of the right to consider the question on appeal. (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.) Thus, defendant has waived any error which might have arisen from the admission of this testimony. Nor is this an appropriate case to invoke the plain error exception to the general waiver principle (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)). In light of the determination regarding defendant's guilt, there is no necessity to correct any alleged injustices which may have been done to defendant from this questioning.

Defendant next argues that the State's opening statement of facts purported to recite evidence but was not followed by proof at trial and the misstatement of evidence during closing argument amounted to prejudicial error, resulting in depriving him of a fair trial. We disagree.

During the opening statement the assistant State's Attorney made the following remarks which defendant alleges were not followed by proof:

> "Rather, please just consider this as a summary of what I expect the evidence to be as the witnesses take the stand and as they explain the events of January 3rd to you.
>
> * * *
>
> [W]e are alleging, that he [Curtis Davis] committed the offense of disorderly conduct by coming into her home and by threatening her and informing her that she is not to testify in the matter which she had previously said she was going to testify in involving the brother of Curtis Davis, the defendant."

Additionally, in closing argument, the assistant State's Attorney summarized the complainant's testimony as follows:

> "He shook that piece of paper in her face, pointed his finger in her face and stated that she wasn't going to testify against his brother. She wasn't going to go to Court and there wasn't going to be no testimony against his brother."

■■ With respect to the opening and closing statements, we again state that defendant never objected and did not raise these issues as error in his post-trial motion. It is well established that the failure to object will waive the issue on appeal (*People v. Carraro* (1979), 77 Ill. 2d 75, 394 N.E.2d 1194, *cert. denied* (1980), 445 U.S. 944, 63 L. Ed. 2d 777, 100 S. Ct. 1340), and generally the failure to raise an issue in a written motion for a new trial constitutes a waiver of that issue which cannot then be urged as a ground for reversal on appeal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Accordingly, these issues were not properly preserved.

In any event, if we were to consider these issues, we would find no reversible error. The purpose of an opening statement is to apprise the jury of facts each party expects to prove in the course of the trial (*People v. Platter* (1980), 89 Ill. App. 3d 803, 412 N.E.2d 181), and absent deliberate misconduct, any error is not a ground for reversal unless the reference resulted in substantial prejudice to the defendant. *People v. Sanders* (1980), 81 Ill. App. 3d 1001, 401 N.E.2d 1103.

From an examination of the record, we do not believe that the State has violated this principle and we find no reversible error on this point.

Furthermore, a prosecutor is allowed wide latitude in closing arguments, and a misstatement by a prosecutor does not deprive defendant of a fair trial, unless such remark clearly affected the outcome of the case. (*People v. Chancy* (1980), 91 Ill. App. 3d 817, 414 N.E.2d 1239.) We do not believe the State's closing remark served to confuse the jury and deny defendant a fair trial.

The remaining issue on appeal alleged by defendant states that the trial court erred in instructing the jury because there was no admission to the criminal activity charged.

At the State's request, the court gave IPI Criminal No. 3.06 on admissions, which states:

> "You have before you evidence that the defendant made an admission of a fact or facts relating to the crime charged in the [complaint].
>
> It is for you to determine whether the defendant made the admission, and, if so, what weight should be given to the admission. In determining the weight to be given to an admission, you should consider all of the circumstances under which it was made."

An admission is defined as " 'any statement or conduct from which guilt of the crime may be inferred but from which guilt does not necessarily follow.' " (*People v. Bundy* (1979), 79 Ill. App. 3d 127, 135, 398 N.E.2d 345.) In this instance, defendant told Officer Alesi that he had gone to the complainant's home on January 3, 1978, and entered uninvited. He then stated that his brother was going to trial on a charge she instituted, and he asked her not to testify against his brother. This statement along with the complainant's testimony may lead to an inference of guilt, and thus it was proper to give the instruction on admissions.

After carefully considering the remaining issues raised by defendant, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.