THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD EVERETTE, Defendant-Appellant.

First District (3rd Division)   No. 1—87—1978

Opinion filed September 27, 1991.

Michael J. Pelletier and Martin Carlson, both of State Appellate Defender's Office, and Rosenthal & Schanfield, both of Chicago (Robert R. Tepper, Andrew J. Katlin, John S. Delnero, Nancy Grant, Glenn E. Heilizer, and David G. Spak, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Inge Fryklund and Patricia Y. Brown, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant, Donald Everette, was convicted of murder and sentenced to 24 years' imprisonment.

This cause now comes before us on remand from the supreme court (*People v. Everette* (1990), 141 Ill. 2d 147, 565 N.E.2d 1295) to consider two issues presented by defendant which this court did not reach in our previous decision on this matter (*People v. Everette* (1989), 187 Ill. App. 3d 1063, 543 N.E.2d 1040). Defendant first contends that the following statements are prejudicial and constitute reversible error: (1) numerous references to the location of the fatal wound, *i.e.*, the victim was shot in the back; (2) a question posed regarding defendant's possession of an identification card for his gun; (3) a comment made by the prosecutor during closing argument about defendant's eyeglasses; (4) the prosecutor's reference to defendant's attorney as a "hired gun"; and (5) the prosecutor's argument during rebuttal that "self-defense is out of this case." The second issue raised by defendant is whether or not his sentence is excessive.

For the reasons which follow, we affirm the judgment of the circuit court.

The facts need not be fully repeated here since they are detailed in both the decision of the supreme court (*Everette*, 141 Ill. 2d 147, 565 N.E.2d 1295) and the prior opinion of this court (*Everette*, 187 Ill. App. 3d 1063, 543 N.E.2d 1040). In short, defendant admitted that he fatally shot the victim in the back but claimed that the shooting was an accident or, in the alternative, that he acted in self-defense. The trial court instructed the jury on involuntary manslaughter and murder because it believed that an accident defense was inconsistent with and thus precluded a self-defense theory. On appeal, this court found that the trial court's failure to instruct the jury on self-defense and voluntary manslaughter required a new trial. *Everette*, 187 Ill. App. 3d 1063, 543 N.E.2d 1040.

The Illinois Supreme Court reversed and held that although a homicide defendant is entitled to an instruction on self-defense even where the defendant testifies he accidentally killed the victim, the present defendant failed to introduce sufficient evidence to warrant an instruction on self-defense. (*Everette,* 141 Ill. 2d 147, 565 N.E.2d 1295.) Accordingly, the supreme court found that the trial court's refusal to tender a self-defense instruction was correct. The supreme court then remanded the cause for consideration of the two issues which were raised but not reached in defendant's appeal to this court.

We initially address defendant's contention that he was denied a fair trial based on certain statements made by the State which were allegedly improper and so prejudicial as to constitute reversible error. The nature and character of the remarks which are the gist of this appeal do not warrant reversal.

It is well established that improper remarks do not constitute reversible error unless they result in substantial prejudice to the accused. (*People v. Baptist* (1979), 76 Ill. 2d 19, 29, 389 N.E.2d 1200.) Each case must be decided on its own facts. *Baptist,* 76 Ill. 2d at 29.

First, defendant argues that he was unfairly prejudiced by repeated references, *i.e.,* approximately 52, to the fact that the victim was shot in the back.

Statements based on the evidence are not improper. (*People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 379 N.E.2d 847.) Moreover, an opening statement is intended to inform the jury of facts each party expects to prove in the course of the trial. *People v. Davis* (1982), 104 Ill. App. 3d 512, 432 N.E.2d 1134.

■ The evidence revealed that the fatal bullet wound entered the victim's back and exited through the front of his body. A review of the record discloses that the prosecutor made nine references to this fact during his opening argument and the majority of the remaining references to the location of the bullet wound occurred during the testimony of the deputy medical examiner. Given the circumstances of this case, the evidence presented, and the self-defense theory advanced by defendant, we find that the references to the location of the bullet wound during opening statements and testimony were not improper because they stemmed from the evidence and addressed a key issue in the case.

Second, defendant submits that he was prejudiced by the following question which the prosecutor asked defendant during his cross-examination: "You got any identification cards for this gun?"

Defendant argues that the intent of this question was to improperly suggest to the jury that defendant had violated other laws.

■ The record reveals that defense counsel objected to this question, the trial judge sustained the objection, and defendant never answered this question. When a trial court promptly sustains an objection and instructs the jury to disregard an improper argument, any prejudicial effect caused by the improper statement is generally viewed as cured. *Baptist*, 76 Ill. 2d 19, 389 N.E.2d 1200; *People v. Spann* (1981), 97 Ill. App. 3d 670, 422 N.E.2d 1051.

We find that any prejudicial effect which may have resulted from this question was sufficiently cured by the trial court's actions.

Third, defendant asserts that during closing argument the State improperly implied that defendant had lied about his poor eyesight when the prosecutor made the following remark: "Donald Everette can sit here, and exchange his glasses as many times as he wants to, he can parade as many witnesses as he wants in front of you, to say that he is a truthful and peaceful man ***." Defendant characterizes this remark as an improper, unfounded and prejudicial attempt to refute his self-defense theory by implying that he had no vision problems and was a liar. We disagree.

■ It is well established that a prosecutor is allowed wide latitude in closing arguments. (*People v. Davis* (1982), 104 Ill. App. 3d 512, 516, 432 N.E.2d 1134.) The substance and style of closing arguments are within the discretion of the trial court, and its findings will not be disturbed absent extreme error. (*People v. Barnes* (1983), 117 Ill. App. 3d 965, 978, 453 N.E.2d 1371.) Parties have the right to comment on the evidence, to draw any legitimate inferences from the evidence, and to make inferences even if detrimental to defendant. (*People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 379 N.E.2d 847.) A reviewing court will not disturb the trial court's determination absent a clear abuse of discretion based upon the record as a whole and the arguments in their entirety. (*People v. Perez* (1983), 113 Ill. App. 3d 143, 149, 446 N.E.2d 1229.) The test employed to determine the existence of reversal error is whether the remarks of the prosecutor in closing arguments were such that, without their having been made, the jury might have reached a different result. *Barnes*, 117 Ill. App. 3d at 978.

■ The record reveals evidence regarding defendant's limited vision. Defendant testified that he was legally blind and that he needed his eyeglasses to read a copy of the statement he had made to the police. Although the record does not include any specific ref-

erence to indicate that he "exchange[d] his glasses" with anyone, defendant raised the issue of his poor eyesight to support his self-defense theory. From this record we cannot say that the prosecutor exceeded the indisputably wide bounds permissible in closing arguments or that this short remark would have caused a different outcome.

■ Fourth, defendant contends that the characterization of defense counsel as a "hired gun" by the prosecutor during rebuttal argument constituted reversible error, relying on *People v. Shaw* (1981), 98 Ill. App. 3d 682, 424 N.E.2d 834. We find that the "hired gun" comment was improper but did not rise to the level of reversible error in this case.

The *Shaw* court found that the following remarks, *inter alia*, made by the State during closing arguments were improper:

> "These defense lawyers are hired guns, they ***. They're paid to do a job and they do it well. And they're paid to do a job to mislead you, to confuse you, and that's exactly what has happened here." (*Shaw*, 98 Ill. App. 3d at 685.)

Nonetheless, the *Shaw* court refused to disturb the jury verdict on the basis of these comments because the evidence supported the guilty verdict and the trial judge promptly sustained objections to most of the improper remarks. See also *People v. Perez* (1983), 113 Ill. App. 3d 143, 149, 446 N.E.2d 1229 (the court held that any prejudice resulting from the prosecutor's references to the defendant as a "hit man," a "butcher," and a "pusher" were cured when the trial court promptly sustained defense counsel's objections).

In the present case, defendant challenges the following remarks made by the prosecutor during rebuttal argument:

> "They [the defense] want you to think that Mr. Gerber [an Assistant Cook County State's Attorney who interviewed defendant on the night of the shooting] is an adversary, that this is some kind of a card game that you get an adversary over here and a hired gun over here and you score points."

Immediately following these remarks, defense counsel objected. The trial court sustained the objection and admonished the jury to disregard those remarks.

Although these remarks are not as provocative as in *Shaw*, we believe that the characterization of counsel as a "hired gun" is improper. However, we hold that these comments do not warrant a reversal because of the trial court's immediate admonishments and the sufficient evidence of guilt.

■ Fifth, defendant maintains that the prosecutor mischaracterized the law by commenting during rebuttal argument that "self-defense is out of this case. It's either there or murder." Defendant argues that the evidence pointed to self defense. We find defendant's contentions meritless.

During rebuttal argument, it is not improper for the State to respond to defense counsel's closing argument. (*People v. Smith* (1984), 127 Ill. App. 3d 622, 469 N.E.2d 634; *Weatherspoon*, 63 Ill. App. 3d 315, 379 N.E.2d 847.) A defendant will not be allowed to claim prejudice where the prosecutor's arguments during rebuttal are invited or provoked by remarks of defense counsel. (*Perez*, 113 Ill. App. 3d at 149.) Moreover, where the evidence of defendant's guilt is overwhelming, any error which may have resulted from the prosecutor's overzealousness in rebuttal is deemed harmless. *Smith*, 127 Ill. App. 3d 622, 469 N.E.2d 634.

The record reveals that during his closing argument defense counsel repeatedly argued that defendant acted in self-defense and thus his conduct was justified. During rebuttal the prosecutor argued that the evidence did not support a finding of self-defense. We believe that the allegedly improper remark was appropriate rebuttal, being in direct response to defense counsel's self-defense argument.

We need not speculate on the cogency of the self-defense evidence since the Illinois Supreme Court definitively held that the evidence in this case was insufficient to support a finding of self-defense. *Everette*, 141 Ill. 2d 147, 565 N.E.2d 1295.

Lastly, defendant asserts that the 24-year sentence imposed is excessive and that he should have received the 20-year minimum sentence allowed by statute. We affirm the sentence imposed by the trial court.

Absent an abuse of discretion, a trial court's sentencing decision may not be altered upon review, because the trial judge is in the best position to evaluate the myriad factors which comprise the sentencing decision. *People v. Perruquet* (1977), 68 Ill. 2d 149, 156, 368 N.E.2d 882; *People v. Martin* (1983), 112 Ill. App. 3d 486, 502, 445 N.E.2d 795.

■ The penalty for murder is mandated by statute. In 1985 when the victim was murdered and in 1987 when the trial judge imposed a 24-year term of imprisonment, the statutory penalty for murder ranged from a minimum of 20 years to a maximum of 40 years in prison. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1).) The current limits for a murder conviction provide that the term of

460

imprisonment fall between 20 and 60 years. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(1).) Thus, the 24-year term of imprisonment imposed by the trial court in the present case clearly falls near the minimum sentence mandated under the statute.

Our review of the record reveals that the trial court fully complied with the statutory requirements, considered the evidence presented and the nature of the offense, and balanced the factors in mitigation and aggravation. On the basis of this record, we cannot conclude that the trial court abused its discretion in imposing a 24-year sentence.

Judgment affirmed.

Affirmed.

CERDA, P.J., and TULLY, J., concur.