(No. 42733.—

THE CITY OF CHICAGO, Appellee, *vs.* CALVIN MORRIS, Appellant.

*Opinion filed December 4, 1970.*

KERMIT COLEMAN, IRVING M. KING, and ROBERT H. NICHOLS, all of Chicago, for appellant.

RICHARD L. CURRY, Corporation Counsel, of Chicago, (MARVIN E. ASPEN and GAYLE F. HAGLUND, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Calvin Morris, was found guilty in a bench trial in the circuit court of Cook County of violating section 1(a) (disorderly conduct) of chapter 193 of the Municipal Code of Chicago. He brings direct appeal claiming denial of due process as guaranteed by the fourteenth amendment to the Federal constitution and that the ordinance as applied in this case deprived him of his rights guaranteed under the first amendment to that constitution. He further charges that the conviction is unsupported by a clear preponderance of all the evidence.

The undisputed facts are as follows: Defendant is employed by Southern Christian Leadership Conference in its Chicago department, entitled Operation Breadbasket, as associate director of the Chicago project. On July 20, 1969, between the hours of 2:00 and 4:00 P.M., after visiting 8 or 9 other stores, he appeared at the A. and P. supermarket located in the 86th block on South Stony Island Avenue. He joined the picket line there as "I always do

when we have a direct action program, talking to people trying to give them encouragement, *et cetera."* Silas Thomas, one of the pickets, approached a police officer present, informing him that a sale of liquor to a minor was about to be consummated in the supermarket. The officer, after observing the sale through the store window, entered and took the minor into custody and left in the police squad car to seek out his patrol sergeant. Departmental regulations required the presence of a sergeant when a liquor-violation arrest was involved. The officer, sergeant and minor returned, entered the store, and confronted the store manager and a female teenage cashier who had made the sale. The officers then taking the two minors, approached the squad car parked in close proximity to the store and the picket line. Thomas and Morris went to the squad car and the incidents then occurring resulted in defendant being arrested and charged with the ordinance violation. It is at this point that the testimony adduced at the trial is at variance.

Defendant testified that he saw the minor and the cashier being placed under arrest and asked the officer if these two were the only ones to be arrested. The officer replied that it was none of his business. Defendant stated that it was his business and that he wanted justice done. The officer again replied that it was none of his business and that if he did not stop asking the question he would arrest him. Morris stated that the officer was a public servant and that he (Morris) had a right to ask questions. The officer once again replied that if he did not immediately cease asking questions the officer would arrest him. Morris then put out his hands to be arrested. Defendant testified that the level of his voice was reasonable but that the officer was "very perturbed."

The ordinance involved, section 193—1(a) of the Municipal Code of the City of Chicago provides, in pertinent part, as follows: "A person commits disorderly conduct when he knowingly: (a) Does any act in such unreasonable manner

as to provoke, make or aid in making a breach of peace." Defendant argues in the alternative that his conviction is so devoid of evidentiary support that it is a denial of due process or that there is not sufficient evidence to support the conviction. Thus the initial question is whether there is any evidence which would support the conclusion that defendant committed an act in violation of section 193—1(a).

Officer Wadlington, the only witness for the prosecution, testified that he returned to the store with his sergeant "to make the arrest of the manager under his [the sergeant's] supervision." They left the store with the male minor and female teenager, the cashier, and proceeded to the marked squad car. The boy and girl were placed in the car and the sergeant went around and entered the front seat on the passenger's side. As the officer was getting into the driver's seat, defendant and "the group", some 15 to 20 of the pickets, approached him. Defendant asked what he was going to do and he replied that he was arresting everybody that was involved in "this case" and that he was taking these people to the police station; that if defendant wanted any further information he could get it at the station. He said defendant then charged him with arresting "the colored" (both minors were black people) and not the "white" (the store manager) and that he wasn't "doing it right." Defendant demanded more information. The officer refused to give any more information and stated that any more insistence or interference would bring about defendant's arrest. Defendant then countered with the statement that the officer was "his public servant" and again demanded more information. Both he and the defendant were speaking in a loud tone of voice. The crowd had increased to about 50 persons, and according to the officer, "it looked like we were going to have a little riot there at first because the tension was building." At this point, the sergeant who was in the car, radioed for assistance. When the officer attempted to place defendant under arrest, he did not submit but moved back

into the crowd. The officer and sergeant then forcibly handcuffed defendant and took him into custody. It is apparent from this testimony that there is some evidence that the defendant knowingly persisted in activity which may be considered unreasonable in light of the circumstances and which may have provoked or aided in making a breach of peace.

As to the sufficiency of the evidence, both the officer and the defense witnesses testified to the same general course of events. There was conflicting testimony as to defendant's level of voice, when and if a crowd gathered, and how the arrest was made. However, the testimony of just one credible witness is sufficient for conviction. *People* v. *Novotny,* 41 Ill.2d 401.

Defendant finally contends that if his conduct is held to be a violation of the ordinance, such an application of the ordinance violates rights guaranteed by the first amendment. In *Giboney* v. *Empire Storage and Ice Co.,* 336 U.S. 490, 93 L. Ed. 834, 69 S. Ct. 684, the United States Supreme Court stated, "it has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." (336 U.S. at 502, 93 L. Ed. at 843.) "The examples are many of the application by this Court of the principle that certain forms of conduct mixed with speech may be regulated or prohibited." *Cox* v. *Louisiana,* 379 U.S. 559, 563, 13 L. Ed. 2d 487, 491, 85 S. Ct. 476. In *United States* v. *Woodard* (7th cir.), 376 F.2d 136, the court upheld the constitutionality of the Illinois breach of peace statute (Ill. Rev. Stat. 1965, ch. 38, par. 26—1(a) (1)), stating: "The emphasis of the statute is upon the tendency of the conduct to disturb others and to provoke disruptions of public order and upon the unreasonableness of the activity when viewed in the context of the surrounding circumstances." (376 F.2d at 139.) It is clear that the

right to knowingly commit an act in such an unreasonable manner as to provoke, make or aid in making a breach of peace does not come within the protections of the first amendment.

Defendant cites many cases for the proposition that a mere argument with a police officer is not disorderly conduct. However, disorderly conduct has never had a precise meaning in relation to specific conduct. (*United States* v. *Woodard.*) While it is true that an argument *per se* is not disorderly conduct, whether a violation has occurred is determined by the reasonableness of the conduct in relation to the surrounding circumstances. Here, an argument took place where one or both parties were loud, where the defendant persisted in questioning and criticizing the officer after he was told to go to the station for further information and was warned that further demands would result in arrest, and where, according to the testimony of the officer, there gathered a tense crowd of such size that additional assistance was summoned. The record in this case justifies the conclusion that defendant's actions were unreasonable and tended to provoke a breach of the peace.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*