(No. 53097.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CURTIS DAVIS, Appellee.

*Opinion filed November 18, 1980.*

Tyrone Fahner, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys General, of Chicago, and Marcia B. Orr, Joel A. Stein and Mark S. Komessar, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Geraldine V. Biggs and James L. Rhodes, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

After a jury trial the defendant, Curtis Davis, was convicted of disorderly conduct (Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)). The circuit court of Cook County sentenced him to 30 days in the custody of the Department of Corrections and one year's probation, and he was fined $500. The appellate court reversed on the ground that the defendant's acts did not constitute the offense of disorderly conduct, as a matter of law. (79 Ill. App. 3d 784.) We allowed the State's petition for leave to appeal. (73 Ill. 2d R. 315(a).) We reverse.

The defendant, Curtis Davis, entered the home of the complaining witness, Mrs. Pearl Robinson, on the afternoon of January 3, 1978. The complainant was 81 years old and confined to a wheelchair. At the time in question, Mrs. Robinson was ill and was resting on a couch in her living room. According to Mrs. Robinson's testimony at trial, the defendant approached her waving sheets of white paper. He pointed his finger at her and said that his brother was not going to jail or to court. Then he said, "If he do, Miss Pearl, you know me." The record shows that the complainant had previously sworn out a complaint against the defendant's brother in relation to an incident involving the complainant's grandson. The com-

plainant testified she called the police after the defendant left her house. A police officer testified he took a statement from the complainant on January 10, 1978. The defendant was arrested on January 14, 1978, and charged with disorderly conduct.

The sole issue on this appeal is whether the defendant's conduct properly falls within the scope of the offense of disorderly conduct. The applicable portion of the statute provides:

> "A person commits disorderly conduct when he knowingly:
>
>> (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace; ***." (Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)(1).)

The committee comments to section 26—1, while not binding upon this court, of course, are persuasive to a degree. They state that the types of conduct intended to be included under this section "almost defy definition." (Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments, at 149 (Smith-Hurd 1977).) One example given of conduct which would fall within the scope of the section is "indirectly threatening bodily harm (which may not amount to assault)." (Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments, at 149 (Smith-Hurd 1977).) The comments continue that culpability under the section revolves not only around the type of conduct, but is equally dependent upon the surrounding circumstances. (Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments, at 149 (Smith-Hurd 1977).) In this case the defendant entered the house of an 81-year-old woman who is an invalid. It is disputed as to whether he walked in uninvited or was permitted to come in by the complainant's granddaughter-in-law. He approached Mrs. Robinson, waved sheets of paper at her and in effect told her that the charge against his brother should not be prosecuted or some undefined threat would

be carried out. The instant offense is intended to guard against "an invasion of the right of others not to be molested or harassed, either mentally or physically, without justification." (Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments, at 149 (Smith-Hurd 1977).) We think the defendant's conduct falls squarely within the type of conduct intended to be proscribed by section 26—1(a)(1). Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)(1).

A collateral contention raised by the defendant is that, in order to provoke a breach of the peace, an act must be performed in public view. We find this contention devoid of merit. A breach of the peace may as easily occur between two persons fighting in a deserted alleyway as it can on a crowded public street. (See *People v. Raby* (1968), 40 Ill. 2d 392.) The committee comments point out: "No attempt has been made to limit the scope of the article to public acts. (*Cf. People v. Ohneth,* 339 Ill. App. 247, 89 N.E.2d 433 (1949).)" (Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments, at 150 (Smith-Hurd 1977).) In this case the defendant breached the peace of the complainant and her granddaughter-in-law by unreasonably invading their right not to be harassed. (Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments, at 149 (Smith-Hurd 1977).) Such an act provoked a breach of the peace of the two women who were compelled to hear the defendant's indirect threat. See *Noe v. People* (1866), 39 Ill. 96, 97-98.

Finally, the defendant contends that there was a variance between the complaint and the evidence which resulted in his conviction. The complaint quoted the statute, and continued: "to wit: by threatening Pearl Robinson with bodily harm to her grandson, Cavin [*sic*] Robinson, if said Cavin [*sic*] Robinson should testify against Donald Davis in a criminal proceeding." No proof was adduced at trial of a specific threat to Calvin Robinson's physical safety. In a colloquy among the court and

counsel there was a discussion of an amended complaint, which was filed with leave of court. Although the only complaint in the record is not labeled "amended," we will assume it is the complaint at issue.

The complaint is attacked for the first time in this appeal. In such an instance, to vitiate a trial, a variance between the allegations in a criminal complaint and the proof at trial "must be material and be of such character as may mislead the accused in making his defense or expose him to double jeopardy." *People v. Figgers* (1962), 23 Ill. 2d 516, 518-19; accord, *People v. Johnson* (1976), 65 Ill. 2d 332, 337; *People v. Pujoue* (1975), 61 Ill. 2d 335, 339; *People v. Nelson* (1965), 33 Ill. 2d 48, 52, *cert. denied* (1966), 383 U.S. 918, 15 L. Ed. 2d 671, 86 S. Ct. 911.

The defendant has made no claim that he withheld evidence or was otherwise prejudiced in preparing his defense due to the variance between the complaint and the proof. Moreover, the defendant's defense was that he did not threaten Mrs. Robinson at all, but merely conversed with her. Thus, the defendant's argument that he was charged with threatening the wrong person is not material to his defense because it does not operate to exculpate him at all. The fact still remains that the defendant made a general threat. Lastly, the complaint is sufficiently precise to be pleaded in bar of another prosecution, since it quotes the statutory offense charged, the place, the date, and the person to whom the offense was directed. (*People v. Johnson* (1976), 65 Ill. 2d 332, 339; *People v. Pujoue* (1975), 61 Ill. 2d 335, 340.) The variance between the complaint and the proof neither misled the defendant in preparing his defense nor subjected him to the danger of double jeopardy. Therefore the additional phrase concerning Calvin Robinson was unnecessary and could be disregarded as surplusage without affecting the validity of the complaint. (*People v. Simpkins* (1971), 48 Ill. 2d 106, 111.)

Accordingly, for the reasons enumerated, the judgment of the appellate court is reversed and the cause is remanded to the appellate court for consideration of the other issues raised in the defendant's brief.

*Reversed and remanded,*
*with directions.*