THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY BRADSHAW, Defendant-Appellant.

Fourth District   No. 4—83—0012

Opinion filed July 20, 1983.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Tim P. Olson, State's Attorney, of Jacksonville (Robert J. Biderman and Thomas W. Lacy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:
On January 4, 1983, following a bench trial in the circuit court of

Morgan County, defendant, Roy Bradshaw, was convicted of disorderly conduct (Ill. Rev. Stat. 1981, ch. 38, par. 26—1(a)(1)) and sentenced to five days' imprisonment. On appeal he maintains his conviction should be reversed because his actions did not "provoke" a breach of the peace. We agree and reverse the defendant's conviction.

Section 26—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 26—1(a)(1)), under which defendant was charged, provides that one type of disorderly conduct occurs when one knowingly acts "in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." In *People v. Trester* (1981), 96 Ill. App. 3d 553, 421 N.E.2d 959, this court determined that section 26—1(a)(1) indicates that the prohibited conduct must actually bring about a breach of the peace and not merely tend to do so.

Moreover, in *People v. Douglas* (1975), 29 Ill. App. 3d 738, 742-43, 331 N.E.2d 359, 363, the court stated:

"Vulgar language, however distasteful or offensive to one's sensibilities, does not evolve into a crime because people standing nearby stop, look, and listen. The State's concern becomes dominant only when a breach of the peace is provoked by the language."

The record in this case does not indicate that the defendant's vulgar language provoked a breach of the peace.

Charles Aufdenkamp, the manager of a bar in Jacksonville, testified at trial that on October 8, 1982, after he had asked the defendant to leave the bar, the defendant "went out [the] front door *** and *** called [Aufdenkamp] all kinds of obscene names for ten to fifteen minutes duration." Steven Boulis, a bartender, testified that the defendant did not leave the bar until he (defendant) saw Boulis calling the police. A Jacksonville police officer, Steven Poole, testifying for the defense, stated that when he arrived the defendant was approximately one-half block from the tavern.

Unlike in *People v. Davis* (1980), 82 Ill. 2d 534, 413 N.E.2d 413, cited by the State, defendant did not threaten anyone. No group gathered around defendant and Aufdenkamp in a threatening manner as in *City of Chicago v. Morris* (1970), 47 Ill. 2d 226, 264 N.E.2d 1. That defendant's conduct was nothing more than annoying is indicated by the lack of evidence that anyone left the tavern as a result of defendant's conduct.

As stated in *Trester*, the general trend of the cases has been for courts to give a narrow construction to the offense of disorderly conduct. When the conduct of a patron of a private establishment is merely annoying customers and that patron refuses the demand of

the proprietor to leave the establishment, the charge of criminal trespass to land is the proper charge to make. (Ill. Rev. Stat. 1981, ch. 38, par. 21—3.) The existence of that offense affords protection to both the proprietor and the patrons of such an establishment. In this case, because there is no evidence indicating that the defendant's actions provoked a breach of the peace, the defendant's conviction for disorderly conduct cannot stand.

For the reasons stated herein, we reverse.

Reversed.

WEBBER, P.J., and MILLER, J., concur.