150 Ill. App.3d 729 (1986)
502 N.E.2d 419
In re D.W., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
D.W., Respondent-Appellant).
No. 4-86-0320.
Illinois Appellate Court  Fourth District.
Opinion filed December 19, 1986.
Rehearing denied January 12, 1987.
Daniel D. Yuhas and Richard D. Frazier, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Kenneth R. Baumgarten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Order affirmed.
JUSTICE GREEN delivered the opinion of the court:
D.W., a minor, appeals from an order of the circuit court of Champaign County revoking his probation and ordering that he be committed to the Department of Corrections, Juvenile Division. The relevant facts follow.
On May 24, 1985, a delinquency petition was filed in the circuit *730 court of Champaign County alleging that D.W., a minor, committed the offenses of residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19-3) and theft (Ill. Rev. Stat. 1985, ch. 38, par. 16-1). In exchange for D.W.'s offer to admit and stipulate to an included charge, burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19-1), the State agreed to seek dismissal of the theft charge. Following the court's acceptance of D.W.'s offer to admit and stipulate to the burglary charge, the court declared him to be a delinquent minor on July 3, 1985. The theft charge was dismissed. At a further dispositional hearing on August 20, 1985, D.W. was placed on probation for 18 months and ordered to serve 6 days' detention.
On December 31, 1985, a petition to revoke probation was filed alleging that D.W. had committed the offense of assault (Ill. Rev. Stat. 1985, ch. 38, par. 12-1).
On March 18, 1986, an amended petition to revoke probation was filed alleging that D.W. had committed the offense of disorderly conduct (Ill. Rev. Stat. 1985, ch. 38, par. 26-1(a)(1)). The amended petition alleged that the "respondent minor knowingly stated to Edward Lemke words to the effect that he was going to `kick his ass' in such an unreasonable manner as to alarm and disturb Edward Lemke and provoke a breach of the peace."
An adjudicatory hearing was held on April 3, 1986. Upon motion of the State, the court dismissed the petition to revoke probation filed on December 31, 1985. The State proceeded on the amended petition.
Edward Lemke testified that before school on October 16, 1985, D.W. stated to him that if Lemke did not give D.W. $5 he owed him by lunch time, D.W. would "kick [his] butt." Upon hearing this, Lemke was frightened as well as alarmed and disturbed. Lemke brought the matter to the attention of his counselor.
On cross-examination Lemke stated that D.W. neither screamed at him nor raised a fist to him. Lemke recalled that other people were around at the time of the conversation between him and D.W.
Gerald Schweighart, an investigator for the Champaign police department, testified that he spoke with Lemke and D.W. on October 16, 1985. Schweighart testified that D.W. told him that he simply told Lemke that he wanted the money allegedly owed to him by the next day.
After arguments of counsel, the court found the amended petition to be proved by a preponderance of the evidence.
A dispositional hearing was held May 8, 1986, at which the court ordered that D.W. be committed to the Department of Corrections, Juvenile Division.
*731 Also on May 8, 1986, D.W. filed a timely notice of appeal. On appeal D.W. argues that the State failed to prove that he committed the offense of disorderly conduct.
 1 Section 26-1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 26-1(a)(1)) provides:
"Sec. 26-1. Elements of the Offense. (a) A person commits disorderly conduct when he knowingly:
(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace."
D.W. specifically argues that the State failed to prove that his conduct provoked a breach of the peace. To satisfy that element of the offense, a person's conduct must actually bring about a breach of the peace and not merely tend to do so. (See People v. Trester (1981), 96 Ill. App.3d 553, 421 N.E.2d 959.) In response the State relies heavily on People v. Davis (1980), 82 Ill.2d 534, 413 N.E.2d 413.
In Davis the defendant entered the home of an 81-year-old woman, approached the woman waving sheets of paper and, pointing his finger, said: "If [my brother goes to jail], Miss Pearl you know me." Miss Pearl, the woman, had previously sworn out a complaint against defendant's brother. Defendant was convicted of disorderly conduct. On appeal he argued that the State failed to prove that he provoked a breach of the peace. Our supreme court disagreed, finding that defendant's threat constituted a breach of the peace. The court noted that the offense of disorderly conduct is intended to guard against the rights of others not to be harassed without justification. The court rejected defendant's argument that in order to provoke a breach of the peace the act must be performed in public. The court stated that "[a] breach of the peace may as easily occur between two persons fighting in a deserted alleyway as it can on a crowded public street." People v. Davis (1980), 82 Ill.2d 534, 538, 413 N.E.2d 413, 415.
 2 We believe Davis is sufficiently analogous to support the court's finding that D.W.'s conduct provoked a breach of the peace. D.W. threatened Lemke, thus interfering with his right not to be harassed by others without justification.
 3 As Davis makes clear, the threat need not be made in public to constitute a breach of the peace. Defendant argues, however, that when the threat is made in public the State must show the effect the threat had on others, citing People v. Douglas (1975), 29 Ill. App.3d 738, 331 N.E.2d 359, and City of Chicago v. Blakemore (1973), 15 Ill. App.3d 994, 305 N.E.2d 687. However, these cases do not stand for the proposition asserted by defendant. Additionally, in both cases the *732 acts performed by the defendants did not amount to threats. In People v. Bradshaw (1983), 116 Ill. App.3d 421, 452 N.E.2d 141, we indicated that the State may prove a breach of the peace by showing either that the defendant threatened another or that the defendant's actions had an effect on the surrounding crowd.
D.W. further attempts to distinguish Davis by pointing to the fact that in Davis the defendant entered the complaining witness' home. That distinction is of little consequence. The supreme court did not condition a person's right to be free from unwarranted harassment on the person's presence in his own home. In fact, the court specifically stated that a breach of the peace may occur in a "deserted alleyway."
 4 Finally, D.W. argues that to constitute breach of the peace, a threat must be an immediate threat. In support of this argument, D.W. cites Trester. The defendant in Trester told a police officer that if he would take off his gun and badge, he, the defendant, would punch him in the nose and they would fight. We held that no breach of the peace occurred since the words spoken by the defendant could not be construed as an immediate threat. Our citation in Trester to the appellate court's opinion in Davis shows that our decision in Trester was made without the benefit of the supreme court's opinion in Davis. In Davis the supreme court characterized the defendant's threat as an "indirect threat." In light of this characterization, we must question the continued validity of our holding in Trester that to constitute a breach of the peace a threat must be of an immediate nature. Although not an immediate threat, D.W.'s threat constitutes a sufficient breach of the peace under the holding of Davis.
For the foregoing reasons, the judgment of the circuit court of Champaign County is affirmed.
Affirmed.
McCULLOUGH and KNECHT, JJ., concur.