THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ERIK S. REDWOOD, Defendant-Appellee.

Fourth District    No. 4—02—0025

Argued October 23, 2002.—Opinion filed November 20, 2002.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J.

Biderman, and Linda Susan McClain (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Charles L. Danner, of Peoria, and Jude M. Redwood (argued), of Redwood Law Office, of St. Joseph, for appellee.

JUSTICE COOK delivered the opinion of the court:

In January 2002, the trial court dismissed the charges against defendant, Erik S. Redwood, for failure to state an offense as a matter of law. The State appeals. We affirm.

On October 14, 1999, defendant was indicted for a hate crime, a Class 4 felony, in that:

"[T]he said defendant, by reason of the perceived race of Harvey Welch, knowingly committed Disorderly Conduct against Harvey Welch, in violation of 720 Illinois Compiled Statutes, 5/26—1(a)(1), in that he yelled across the street at Harvey Welch, 'How long are you going to be a shoe-shine boy?', in such an unreasonable manner as to alarm and disturb Harvey Welch and provoke a breach of the peace, in violation of 720 Illinois Compiled Statutes, 5/12—7.1."

On January 16, 2001, defendant was charged by information with disorderly conduct, a Class C misdemeanor, in that:

"[T]he said defendant knowingly yelled across a street at Harvey Welch, 'How long are you going to be a shoe-shine boy?', in such an unreasonable manner as to alarm and disturb Harvey Welch and provoke a breach of the peace, in violation of 720 Illinois Compiled Statutes 5/26—1(a)(1)."

Defendant is a white male. Harvey Welch is an African-American male. Defendant filed motions to dismiss, alleging the charges failed to state a crime as a matter of law and that his conduct was pure speech protected by the first amendment (U.S. Const., amend. I). In his motions, defendant admits that the incident occurred but denies that the incident was motivated by reason of the perceived race of the victim, as required by the hate crime statute (720 ILCS 5/12—7.1 (West 1998)). Defendant argued that Welch is an attorney, and the incident stemmed from Welch's prior representation of defendant in a former case. In January 2002, the trial court heard argument on both motions and dismissed both charges. This appeal followed.

The State raises three issues on appeal: (1) the trial court erred in finding that only "fighting words" can constitute disorderly conduct when words alone are alleged; (2) the trial court erred in finding the words used in this case were not "fighting words" and, therefore, could not constitute the crime of disorderly conduct; and (3) the trial court erred in finding that words had to be spoken to more than one individual to cause a breach of the peace.

■ The offense of disorderly conduct is broadly defined. "A person commits disorderly conduct when he knowingly *** [d]oes any act in such [an] unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26—1(a)(1) (West 2000).

■ Freedom of speech is a fundamental right protected from invasion by the state by the fourteenth amendment. See *Chaplinsky v. New Hampshire*, 315 U.S. 568, 570-71, 86 L. Ed. 1031, 1034, 62 S. Ct. 766, 768 (1942). However, "[t]here are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any [c]onstitutional problem. These include *** the insulting or 'fighting' words ***." *Chaplinsky*, 315 U.S. at 571-72, 86 L. Ed. at 1035, 62 S. Ct. at 769. "Fighting words" are personally abusive epithets which, when addressed to an ordinary citizen, as a matter of common knowledge, inflict injury or are inherently likely to provoke an immediate breach of the peace. See *Chaplinsky*, 315 U.S. at 572, 86 L. Ed. at 1035, 62 S. Ct. at 769; *People v. Allen*, 288 Ill. App. 3d 502, 507, 680 N.E.2d 795, 799 (1997). A statute that punishes spoken words alone, as section 26—1 of the Criminal Code of 1961 (Code) (720 ILCS 5/26—1 (West 2000)) may, cannot withstand constitutional attack unless it cannot be applied to speech protected by the first and fourteenth amendments, even if the speech punished is vulgar or offensive. *Lewis v. City of New Orleans*, 415 U.S. 130, 134, 39 L. Ed. 2d 214, 219, 94 S. Ct. 970, 973 (1974). Thus, section 26—1 of the Code may only be applied in this case if the words used are "fighting words." See *People v. Slaton*, 24 Ill. App. 3d 1062, 1063-64, 322 N.E.2d 553, 554 (1974). The trial court did not err in finding that only "fighting words" may satisfy the statute.

■ A trial court may dismiss a charge in a criminal case on the grounds that the charge does not state an offense. 725 ILCS 5/114—1(a)(8) (West 2000). Dismissal of the charge on such grounds does not prevent the filing of a new charge. 725 ILCS 5/114—1(e) (West 2000). Nevertheless, the State may appeal from an order dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/114—1 (West 2000)). 145 Ill. 2d R. 604(a)(1). The standard of review of a defendant's motion to dismiss an indictment is whether the indictment strictly complies with the pleading requirements of section 111—3 of the Code of Criminal Procedure. *People v. Oaks*, 169 Ill. 2d 409, 442, 662 N.E.2d 1328, 1342 (1996). Section 111—3(a)(3) of the Code of Criminal Procedure requires that an indictment adequately inform an accused of a charged offense by setting forth the nature and elements of the offense charged. 725 ILCS 5/111—3(a)(3) (West 2000). The question is not whether the alleged offense could have been

described with greater certainty, but whether the charge is stated with sufficient particularity to enable the accused to prepare a proper defense. *People v. Becker*, 315 Ill. App. 3d 980, 997, 734 N.E.2d 987, 1001 (2000). When addressing a defendant's motion to dismiss a charge for failure to state an offense, a trial court is limited to assessing the legal sufficiency of the charge and may not evaluate the evidence that the parties might present at trial. *People v. Soliday*, 313 Ill. App. 3d 338, 342, 729 N.E.2d 527, 530 (2000). We review the dismissal *de novo. People v. Smith*, 259 Ill. App. 3d 492, 495, 631 N.E.2d 738, 740 (1994).

■ A charge that sets forth elements that do not amount to an offense may be dismissed under section 114—1(a)(8) of the Code of Criminal Procedure. For example, a charge that simply states that a defendant unlawfully possessed a weapon, a hacksaw blade, is properly dismissed. Hacksaw blades are not defined as weapons by any statute and are not considered weapons *per se*. A hacksaw blade may be a weapon by virtue of the way it is used, but absent allegations of use, no criminal offense is stated. *People v. Morissette*, 225 Ill. App. 3d 1044, 1047-49, 589 N.E.2d 144, 147-48 (1992); see also *People v. Sparks*, 221 Ill. App. 3d 546, 549-50, 582 N.E.2d 314, 316-17 (1991) (charge alleging criminal sexual assault dismissed where it did not define the "position of trust" the defendant held in relation to the victim).

A charge simply that defendant committed disorderly conduct by saying "good morning" would appear not to state an offense. The addition of the statutory language "in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace" would not be sufficient to create an offense. Where the statute does not define or describe the act or acts constituting the offense, a charge couched in the language of the statute is insufficient. Rather, the facts that constitute the crime must be specifically set forth. *People v. Nash*, 173 Ill. 2d 423, 429, 672 N.E.2d 1166, 1169 (1996); *People v. Swanson*, 308 Ill. App. 3d 708, 712, 721 N.E.2d 630, 633 (1999) (disorderly conduct).

■ After reviewing the case law, we conclude that the speaker's "fighting words" must contain either an explicit or implied threat and that vulgarities and epithets do not suffice to trigger the State's prosecutorial powers and criminal sanctions. For example, in *People v. Davis*, 82 Ill. 2d 534, 413 N.E.2d 413 (1980), the supreme court reversed the appellate court's holding that the defendant's acts did not constitute disorderly conduct as a matter of law. There, the defendant entered the home of the complaining witness and approached her waving sheets of white paper. "He pointed his finger at her and said that his brother was not going to jail or to court. Then he

said, 'If he do, Miss Pearl, you know me.' " *Davis*, 82 Ill. 2d at 536, 413 N.E.2d at 415. The complaining witness, Pearl Robinson, was 81 years old and, on the date in question, was ill and confined to a wheelchair. The record showed that she had previously sworn out a complaint against the defendant's brother for an unrelated incident. Although the words on the surface were ambiguous, they clearly conveyed a *threat* to the victim. See also *In re D.W.*, 150 Ill. App. 3d 729, 732, 502 N.E.2d 419, 421 (1986) ("State may prove a breach of the peace by showing either that the defendant *threatened* another or that the defendant's actions had an effect on the surrounding *crowd*" (emphases added)).

By contrast, this court reversed a conviction for disorderly conduct in *People v. Bradshaw*, 116 Ill. App. 3d 421, 452 N.E.2d 141 (1983), where the defendant used vulgar language toward the manager of a bar. There, this court held that "[w]hen the conduct of a patron of a private establishment is merely annoying customers and that patron refuses the demand of the proprietor to leave[,] *** the charge of criminal trespass to land is the proper charge to make." *Bradshaw*, 116 Ill. App. 3d at 422-23, 452 N.E.2d at 142. After considering the words used, as well as to whom they were directed and the place in which they were spoken, we held defendant's *vulgarities* did not amount to disorderly conduct. See also *People v. Raby*, 40 Ill. 2d 392, 397, 240 N.E.2d 595, 598 (1968), quoting *Cox v. Louisiana*, 379 U.S. 536, 551, 13 L. Ed. 2d 471, 482, 85 S. Ct. 453, 462 (1965) ("[u]nder no circumstances would the statute 'allow persons to be punished merely for peacefully expressing unpopular views' "); *City of Chicago v. Blakemore*, 15 Ill. App. 3d 994, 996-97, 305 N.E.2d 687, 688-89 (1973) (absent evidence of overt acts by defendant, offensive language addressed to police officer does not cause a breach of peace even when bystanders are present).

We find defendant's hail to the complaining witness in this case more like the vulgarities found in *Bradshaw* than the threats found in *Davis*. The indictment and information allege only that defendant yelled this remark to the complaining witness across a public street and nothing more. Unlike *Davis*, defendant's words contained no implied threat. The indictment and information do not set out any secret threatening or obscene meaning known only to Welch and defendant. Welch and many others may find the words offensive, but our cases have held that this alone is not enough. Confining our analysis to the charging instruments, as we must on review of a judgment dismissing for failure to state a crime, we find the comment by defendant did not rise to the level of "fighting words," because the comment did not contain an explicit or implied threat. Because the

only conduct alleged to have violated the statute was the use of these words, and because the "fighting words" requirement has not been met, the information charging defendant with disorderly conduct fails to state an offense. Further, because the disorderly conduct was the underlying offense for the State's indictment of defendant for a hate crime, both charges fail to state an offense.

■ We agree with the State that the trial court erred when it held that "fighting words" had to be spoken to more than one individual to cause a breach of the peace. In its ruling on the motion, the trial court said "the audience has to be more than one individual." While the statutory language makes reference to a breach of the peace, implying the public tranquility is what it seeks to protect, the supreme court has interpreted the intent of the disorderly conduct statute as seeking to guard against an invasion of the right of others not to be molested or harassed, either mentally or physically, without justification. *People v. Davis*, 82 Ill. 2d at 538, 413 N.E.2d at 415. Further, the supreme court has favorably cited the committee comments to section 26—1 of the Criminal Code of 1961 (720 ILCS 5/26—1 (West 1998)), which state " '[n]o attempt has been made to limit the scope of the article to public acts.' " *Davis*, 82 Ill. 2d at 538, 413 N.E.2d at 415, quoting Ill. Ann. Stat., ch. 38, par. 26—1, Committee Comments, 1961, at 150 (Smith-Hurd 1977). Accordingly, this court has held "[i]t is not necessary that the act occur in public, only that defendant's actions disturb the public order." *Allen*, 288 Ill. App. 3d at 506, 680 N.E.2d at 798.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and APPLETON, JJ., concur.