NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190636-U

NO. 4-19-0636

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 20, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Macon County |
| TERRANCE M. LLOYD, | ) | No. 13CF438 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: The motion of the Office of the State Appellate Defender to withdraw as
defendant's appellate counsel is granted, and the trial court's dismissal of
defendant's *pro se* postconviction petition is affirmed.

¶ 2    Defendant, Terrance M. Lloyd, appeals the trial court's first-stage dismissal of his *pro se* postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD has filed a motion to withdraw as defendant's appellate counsel, arguing defendant's appeal presents no potentially meritorious issues for review. We grant OSAD's motion and affirm the trial court's dismissal of defendant's postconviction petition.

¶ 3    I. BACKGROUND

¶ 4    In April 2013, the State charged defendant with one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2012)) and one count of unlawful possession of a

controlled substance (720 ILCS 570/402(c) (West 2012)). The charges alleged that on or about March 22, 2013, defendant, a person previously convicted of manufacture and delivery of 1 to 15 grams of cocaine in Macon County case No. 06-CF-1016 and aggravated unlawful use of weapons in Macon County case No. 07-CF-575, was in possession of a firearm and less than 15 grams of cocaine. On the date the case was set for a bench trial in March 2014, defendant entered an open plea to count I, being an armed habitual criminal, and the matter was to be set for sentencing. Defendant failed to meet with the probation department to prepare a presentence investigation report. When he also failed to appear for the sentencing hearing in June 2014, the trial court determined proper warnings had been given previously and proceeded to sentence defendant *in absentia* to 15 years in the Illinois Department of Corrections at 85%, with an additional 3 years of mandatory supervised release.

¶ 5        Defendant's attorney filed both a motion to reconsider the sentence and a motion to withdraw his guilty plea after he was apprehended several weeks later. In the motion to reconsider the sentence filed in June 2014, defendant asked either that he be provided another sentencing hearing or that his sentence be reduced because (1) the State introduced evidence of an investigation for which defendant was found "not guilty," (2) he had no opportunity to present evidence in mitigation or make a statement in allocution, (3) the trial court improperly considered defendant's failure to appear as a factor in sentencing, (4) the trial court failed to consider relevant factors in mitigation, and (5) the trial court failed to consider defendant's rehabilitative potential.

¶ 6        In the motion to withdraw his guilty plea and vacate the judgment filed in July 2014, defendant argued his 2007 conviction for aggravated unlawful use of a weapon, which served as one of the predicate felonies for the armed habitual criminal count to which he pleaded

guilty, was void *ab initio* under *People v. Aguilar*, 2013 IL 112116, 2 N.E.3d 321, and *People v. Gayfield*, 2014 IL App (4th) 120216-B, 12 N.E.3d 56. Defendant contended the entire aggravated unlawful use of weapons statute was unconstitutional. The State responded, contending *Aguilar* found only a specific subsection was unconstitutional and that was not the subsection of which defendant had been convicted. The trial court denied both motions.

¶ 7        Defendant filed an appeal from the motion for reduction of sentence, and the matter was summarily remanded to the trial court in September 2015 for the filing of a proper Rule 604(d) certificate (see Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014)), the opportunity to file a new postplea motion, and a new hearing on any such motions filed. Defendant's amended motion to withdraw the plea, filed in May 2017, claimed the trial court violated his constitutional right to counsel of his own choosing when it denied his motion to continue on the day of trial to obtain new counsel. Defendant also claimed his plea was not "knowingly, voluntarily and intelligently made" and that he was not admonished that any sentence would be served at 85%. Defendant again argued the unconstitutionality of the predicate aggravated unlawful use of weapons conviction invalidated his conviction as an armed habitual criminal.

¶ 8        Defendant's amended motion to reconsider the sentence raised many of the same claims as before, *i.e.*, that he was never admonished his sentence would be served at 85%; that the trial court erred by permitting evidence during his sentencing hearing about various investigations which did not result in convictions and for which none of the victims appeared to testify; that as a result of defendant's "absence" at the sentencing hearing, he did not have the opportunity to introduce evidence in mitigation or make a statement in allocution; and that the trial court failed to take certain mitigating factors into consideration or to consider defendant's rehabilitative potential. In addition, defendant contended the trial court erred when, at the hearing

on the previous motion to reconsider his sentence in January 2015, it denied him the opportunity to present evidence in mitigation or make a statement in allocution and that he was entitled to additional credit against his sentence for time spent in custody between June 17, 2014, and January 6, 2015—the time between his arrest on the warrant for failing to appear and the date of the hearing on the motion to reconsider. Defendant also disputed the validity of various fines and costs imposed by the circuit clerk, which had not been ordered by the court. At the hearing on the combined motions, the trial court permitted defendant the opportunity to present evidence in mitigation and a statement in allocution. The court denied both motions, except for vacating fees and costs improperly imposed and granting defendant additional credit for time spent in custody after his arrest for failing to appear. The court also dismissed the second count, which had never been addressed.

¶ 9        When defendant again appealed, he challenged only his sentence, contending the trial court erred by sentencing him *in absentia* without admonishing him of that possibility following the entry of his guilty plea and improperly considering his failure to appear for his presentence investigation as an aggravating factor. We affirmed the trial court's sentence in *People v. Lloyd*, 2018 IL App (4th) 170629-U.

¶ 10        In May 2019, defendant filed his *pro se* postconviction petition in which he contended, once again, that under *Aguilar*, the predicate aggravated unlawful use of weapons conviction was unconstitutional. This time, however, he included several new claims: that the information upon which his charges were based failed to set forth an offense and was invalid because it was not verified and that appellate counsel was ineffective for failing to raise these claims.

- 4 -

¶ 11        Within the 90-day time frame provided in the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), the trial court entered a written order summarily dismissing the petition in August 2019. The trial court found defendant's unconstitutionality claim based on *Aguilar* could and should have been raised on direct appeal and was therefore waived. The court also found defendant's claims were unsupported by affidavits, records, or other evidence as required by section 122-2 of the Act (725 ILCS 5/122-2 (West 2018)), and were conclusory in nature. The court further found defendant's claim of a defective information had been waived when he "knowingly, willingly, and intelligently entered a plea of guilty" and that his claim of the ineffective assistance of appellate counsel "[did] not form an arguable basis that counsel's performance fell below an objective standard of reasonableness and it was not arguable that the Defendant was prejudiced." After reviewing the record, the trial court concluded "there was no basis in fact or law to raise the unconstitutionality claim or the charging instrument claim" and dismissed defendant's petition as "frivolous and patently without merit."

¶ 12        Defendant filed a timely notice of appeal.

¶ 13        OSAD was appointed to represent defendant on appeal in September 2019. In September 2020, OSAD filed a motion to withdraw as appellate counsel, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and relevant Illinois case law. OSAD attached a memorandum of law in support of its motion, explaining the claims raised by defendant in his postconviction petition were procedurally waived or lacked arguable merit. Defendant was provided notice of OSAD's motion and, although given the opportunity, has filed no response.

¶ 14        Following our review of the record, we grant OSAD's motion and affirm the trial court's judgment.

¶ 15                                        II. ANALYSIS

¶ 16         On appeal, OSAD filed both a motion to withdraw as appellate counsel and an accompanying memorandum of law in support of the motion. OSAD argues it should be allowed to withdraw because "an appeal in this case would be without arguable merit." We agree.

¶ 17         "The Post-Conviction Hearing Act provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763 (citing 725 ILCS 5/122-1(a) (West 2014)). "A postconviction proceeding is not a substitute for a direct appeal but rather is a collateral attack on a prior conviction and sentence. The purpose of the proceeding is to allow inquiry into constitutional issues involved in the original conviction and sentence that have not been, and could not have been, adjudicated previously on direct appeal." *Buffer*, 2019 IL 122327, ¶ 12 (citing *People v. Harris*, 224 Ill. 2d 115, 124, 862 N.E.2d 960, 966 (2007)).

¶ 18         Once filed, a postconviction petition is subject to a three-stage adjudicatory process. *Harris*, 224 Ill. 2d at 125. At the first stage, section 122-2.1 directs the trial court to independently assess the substantive merit of the petition. *Harris*, 224 Ill. 2d at 125-26 (citing 725 ILCS 5/122-2.1 (West 2002)). If the court finds the petition is "frivolous" or "patently without merit," the Act requires that the court dismiss it, and this dismissal is a final order. 725 ILCS 5/122-2.1(a)(2) (West 2018). A petition is frivolous or patently without merit when its allegations, taken as true and liberally construed, fail to present the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). A petition may be dismissed as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 12, 912 N.E.2d 1204, 1209 (2009). "A petition lacks an arguable basis in law when it is grounded in 'an indisputably meritless legal theory,' for

example, a legal theory which is completely contradicted by the record." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010) (quoting *Hodges*, 234 Ill. 2d at 16). It "lacks an arguable basis in fact when it is based on a 'fanciful factual allegation,' which includes allegations that are 'fantastic or delusional' or belied by the record." *Morris*, 236 Ill. 2d at 354 (quoting *Hodges*, 234 Ill. 2d at 16-17). Our review of a first-stage dismissal of a postconviction petition is *de novo* (*Buffer*, 2019 IL 122327, ¶ 12), affording no deference to the trial court's judgment or reasoning. *People v. Walker*, 2018 IL App (1st) 160509, ¶ 22, 128 N.E.3d 978.

¶ 19 OSAD outlines the four claims raised by defendant in his postconviction petition as well as a separate procedural issue.

¶ 20 A. Invalid Armed Habitual Criminal Conviction

¶ 21 Defendant, in his *pro se* postconviction petition, revisits the claim that his conviction as an armed habitual criminal should be vacated because one of the two predicate felonies upon which it was based is void pursuant to *Aguilar*. Further, he contends appellate counsel was ineffective for failing to raise this issue on appeal. The armed habitual criminal statute (AHC statute) (720 ILCS 5/24-1.7(a) (West 2012)), makes it a Class X felony for a person to be in possession of a firearm after having been convicted of two or more of certain listed offenses. Count I of the information under which defendant was charged in this case alleged that he was an armed habitual criminal because he was "a person who has been convicted of the offense(s) of Manufacture and Delivery of 1-15 Grams of Cocaine under Macon County Case number 06-CF-1016 and Aggravated Unlawful Use of Weapons [(AUUW)] under Macon County Case number 07-CF-575" and was in possession of a firearm. Both offenses qualify for consideration under the AHC statute. As OSAD correctly points out, the Illinois Supreme Court in *Aguilar* held only that subsections (a)(1), (a)(3)(A), and (d) of section 24-1.6 of the Criminal

Code of 2012 (Criminal Code) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2012)), which prohibited carrying an uncased, loaded, and immediately accessible firearm, was facially unconstitutional as a violation of the second amendment right to keep and bear arms. Defendant's conviction in case No. 07-CF-575, however, was for possessing a firearm without having a valid Firearm Owner's Identification Card (FOID) under subsections (a)(1) and (a)(3)(C) of the Criminal Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2006)).

¶ 22          The supreme court found in *People v. Mosley*, 2015 IL 115872, 33 N.E.3d 137, that the invalidation of certain subsections of the AUUW statute did not result in the invalidation of all. In fact, they found the FOID card requirement of subsection (a)(3)(C)—the section of which defendant was convicted—was "consistent with this court's recognition that the second amendment right to possess firearms is still 'subject to meaningful regulation.' " *Mosley*, 2015 IL 115872, ¶ 36 (quoting *Aguilar*, 2013 IL 112116, ¶ 21). Contrary to defendant's assertion that *In re N.G.*, 2018 IL 121939, 115 N.E.3d 102, mandates the conclusion his predicate conviction is void *ab initio*, OSAD notes, in *N.G.*, the supreme court simply explained that any conviction from a facially unconstitutional statute is void and "can give rise to no criminal status nor create any legal impediment" against a defendant. *N.G.*, 2018 IL 121939, ¶ 73. Since not all subsections of the AUUW statute are unconstitutional, and since the specific section of which defendant was convicted survives constitutional challenge, defendant's claim that his armed habitual criminal conviction is based on a void predicate AUUW conviction has no arguable merit. Defendant's related ineffective assistance of appellate counsel claim is based on the same assertion and is equally meritless. " 'To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant.' " *People v. Veach*, 2017 IL 120649, ¶ 30, 89 N.E.3d 366 (quoting

*People v. Domagala*, 2013 IL 113688, ¶ 36, 987 N.E.2d 767). Finding defendant's claim has no legal basis, counsel could not be ineffective for failing to raise it. See *People v. Hensley*, 2014 IL App (1st) 120802, ¶ 47, 22 N.E.3d 1175 (stating the failure of a defendant to show error occurred at all defeats an ineffective assistance of counsel claim).

¶ 23          B. The Legally Defective Information Fails to Set Forth an Offense

¶ 24          Defendant next contends his conviction should be vacated because the information failed to properly charge an offense. Defendant's claim is based entirely upon what he argues are fatal defects in the wording of the information in his case. The State's failure to specify the firearm he possessed was a .38-caliber revolver and failure to specify that the predicate AUUW conviction was based on his failure to possess a FOID card are, according to defendant, material omissions warranting dismissal of the charge. He also contends the failure by the State to list the class of offense for the underlying predicate felonies was a fatal flaw of the information. Again, he asserts an ineffective assistance of appellate counsel for failing to raise this issue.

¶ 25          OSAD correctly points out that a voluntary guilty plea waives all nonjurisdictional errors or irregularities, including constitutional ones. *People v. Reed*, 2020 IL 124940, ¶ 27. As a result, even if defendant's claim had merit, his voluntary guilty plea, which he does not contest, results in waiver. However, the claim itself has no arguable merit. Section 111-3(a) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/111-3(a) (West 2018), requires that the charging instrument adequately inform an accused of the charged offense by setting forth the nature and elements of the offense charged, name of the offense, relevant statutory provisions, date and county of the offense, and name of the defendant. 725 ILCS 5/111-3(a) (West 2018). It does not matter that more specificity is possible; the issue is

whether the charge is stated with sufficient particularity to allow the defendant to prepare a proper defense. *People v. Redwood*, 335 Ill. App. 3d 189, 192-93, 780 N.E.2d 760, 763 (2002).

¶ 26　　　　　The information here includes the name of the offense (being an armed habitual criminal), the appropriate statutory section defining that offense (720 ILCS 5/24-1.7(a) (West 2012)), the nature and elements of the charge (that he knowingly possessed a firearm, a U.S. Revolver Co. revolver, after having been convicted of manufacture and delivery of 1 to15 grams of cocaine, (identifying the case number and county of conviction), and aggravated unlawful use of weapons (case number and county of conviction). The information identifies defendant and the date of the offense charged. It therefore complies with the statutory requirements of section 111-3(a) of the Procedure Code (725 ILCS 5/111-3 (West 2018)).

¶ 27　　　　　Further, as OSAD explains, the primary question to be answered before traveling down the path of a constitutional ineffective assistance of counsel claim is whether, had a challenge to the sufficiency of the information been raised on direct appeal, defendant could show he was somehow prejudiced in the preparation of his defense. Unless he can do that, a defendant cannot claim ineffective assistance for failing to raise a losing claim. See *People v. Rowell*, 229 Ill. 2d 82, 93, 890 N.E.2d 487, 494 (2008) (stating when an information is attacked for the first time posttrial, defendant must show he was prejudiced in preparing his defense); *People v. Easley*, 192 Ill. 2d 307, 329, 736 N.E.2d 975, 991 (2000) (stating, unless the underlying issue is meritorious, a defendant has suffered no prejudice from counsel's failure to raise it on appeal). Here, not only was defendant not prejudiced, but he also never claims he was, asserting instead the referenced omissions of ".38[-]caliber revolver" instead of "U.S. Revolver Co. revolver" and "not having a valid FOID card" along with the categories of the predicate felonies invalidated the information. Defendant, of course, points to no case authority requiring

an information charging armed habitual criminal to include the class of the predicate felonies upon which an armed habitual criminal charge is based, and we know of none. Regardless, any claim of error was waived by his knowing and voluntary plea of guilty. *Reed*, 2020 IL 124940, ¶ 27. Again, absent error, there is no ineffective assistance. *Hensley*, 2014 IL App (1st) 120802, ¶ 47.

¶ 28                    C. Invalid Information Not Signed or Verified

¶ 29        Defendant argues that since the first count of the information does not bear the signature or a verification by the state's attorney, the information is invalid. As noted previously, defendant waived this nonjurisdictional issue when he entered his plea of guilty. *Reed*, 2020 IL 124940, ¶ 27; see also *People v. Bradford*, 62 Ill. 2d 21, 22, 338 N.E.2d 182, 183 (1975) (holding "a sworn or verified complaint is not a jurisdictional prerequisite to the prosecution of a criminal offense and may be waived by a plea of guilty"). Section 111-3(b) of the Criminal Code requires that "an information shall be signed by the State's Attorney and sworn to by him or another." 725 ILCS 5/111-3(b) (West 2018). The statute says nothing about requiring each count of an information to be signed and sworn. Moreover, as OSAD notes, the verification of an information raises an issue of Illinois statutory compliance, not an issue of constitutional dimension. See *People v. Audi*, 75 Ill. 2d 535, 389 N.E.2d 534 (1979). Our supreme court addressed this exact issue in *People v. Cox*, 53 Ill. 2d 101, 291 N.E.2d 1 (1972), *overruled on other grounds* by *People v. Davis*, 156 Ill. 2d 149, 619 N.E.2d 750 (1993), and it found the trial court properly concluded the signature and verification on the last page of a three-page, three-count information was a verification of the entire information.

- 11 -

¶ 30        For these reasons, the alleged invalidity of defendant's information is without arguable merit and likewise does not form the basis of an ineffective assistance of counsel claim. *Hensley*, 2014 IL App 120802, ¶ 47.

¶ 31                            D. The Trial Court's First-Stage Dismissal

¶ 32        OSAD also assessed whether the trial court's dismissal was procedurally proper, finding defendant's petition was dismissed on the eighty-eighth day after filing and it therefore met the requirement of section 122-2.1(a)(2) (725 ILCS 5/122-2.1(a)(2) (West 2018)) of the Act, that the trial court act within 90 days if it dismisses the petition at the first stage. Further, the record reflects a written order as required by section 122-2.1(a)(2) and reveals no impermissible input by the State. See *People v. Bailey*, 2017 IL 121450, ¶ 20, 102 N.E.2d 114. Any claim the trial court did not follow the proper procedure in entering its first-stage dismissal order would also be without merit.

¶ 33                                  III. CONCLUSION

¶ 34        For the reasons set forth above, we grant OSAD's motion to withdraw and affirm the judgment of the trial court.

¶ 35        Affirmed.